KLEINFELD, Senior Circuit Judge,
concurring in part and dissenting in part:
I join the majority memorandum disposition with the exception of Part 1, which discusses the hepatitis C claim. I would affirm on all claims.
For a plaintiff to succeed on an Eighth Amendment claim for inadequate medical treatment, he must satisfy both an objective and a subjective standard,[1] The objective standard requires the prisoner to demonstrate the treatment or lack thereof caused a risk of “further significant injury” or the “unnecessary and wanton infliction of pain.”[2] The subjective standard requires proof that a prison official “knows of and disregarded an excessive risk to inmate health and safety.”[3] Medical negligence, much less arguably substandard care, does not establish unconstitutional cruel and unusual punishment, and that is at most what Jones’s evidence might establish.[4]
The medical evidence submitted to the Superior Court shows merely that Jones may not have been informed of a positive result on a test that the prison routinely administers after physical altercations between inmates. The prison may have failed to inform him of the positive result, because its focus was on preparing him for *494 imminent back surgery. Whether it did or not, he did not require treatment, and his subsequent liver function testing was completely normal.
Jones has pointed to an internet download on hepatitis C that establishes that “at certain dosages, ibuprofen can stress the liver and elevate liver enzymes in people with hepatitis C” and that “[i]buprofen must be used with extreme caution in the later stages of liver disease and for those on interferon therapy.” Jones has submitted no evidence that his liver was in fact stressed, the evidence shows that his liver enzymes were not elevated, and he has submitted no evidence that he was in the later stages of liver disease, nor that he was on interferon therapy.
Basically, Jones had a great deal of back pain and was prescribed a double dose of an over the counter anti-inflammatory for a short time without harm to his liver. To characterize this medical treatment as knowing disregard of an “excessive risk” to Jones’s health which risked “further significant injury” to his liver or amounted to “unnecessary and wanton infliction of pain,” would trivialize the constitutional protection against cruel and unusual punishment, as well as running contrary to the controlling authorities.[5]

. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

. Id. (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

. Id. (quoting Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)).

. Toguchi, 391 F.3d at 1057.

. Colwell, 763 F.3d at 1066.